```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```
L&D VENTURES, LLC,

       Plaintiff,

v.          Case No. 8:08-cv-1128-T-33TGW

GARLIC JIM'S FRANCHISE INTERNATIONAL, INC., DWAYNE NORTHOP, LOUIS URBANO, ROBERT SMITH, & DAVID GOLLERSRUD,

       Defendants.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Transfer (Doc. # 9), which was filed on June 24, 2008. On July 14, 2008, Plaintiff filed its Memorandum in Opposition to Defendants' Motion to Transfer. (Doc. # 12). In addition, with leave of Court, Defendants filed their Reply Memorandum on August 26, 2008. (Doc. # 20). On September 16, 2008, Plaintiff filed its Motion for Judicial Notice of Order of Dismissal in Related Action. (Doc. # 21). On October 1, 2008, Defendants filed their Response in Opposition to Plaintiff's Motion for Judicial Notice. (Doc. # 22). For the reasons that follow, this Court denies Defendants' motion to transfer and grants Plaintiff's motion for judicial notice in part.

**I. Background**

Plaintiff L&D Ventures, LLC is a Delaware Corporation operated by its principal, Brett Larrabee. (Doc. # 2 at ¶ 1,

11). Plaintiff entered into a franchise relationship with Garlic Jim's Franchise International, Inc. with the goal of franchising and developing Garlic Jim's Famous Gourmet Pizza restaurants in Florida and Puerto Rico. (Doc. # 2 at ¶ 12). On February 9, 2007, Plaintiff "executed a Sub-Franchise Agreement for area development with Garlic Jim's for the rights to develop, open and operate Garlic Jim's Famous Gourmet Pizza restaurant franchises in and around Florida and Puerto Rico." (Doc. # 2 at ¶ 16).

Plaintiff asserts that Defendants breached the Sub-Franchise Agreement and engaged in other nefarious conduct. Plaintiff filed its complaint against Defendants in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida on or about May 6, 2008. (Doc. # 1 at ¶ 1). Plaintiff's complaint was assigned case number 08-CA-10163, and it contains the following counts against Defendants: fraud in the inducement and fraudulent omission (Count I), negligent misrepresentation and negligent omission (Count II), breach of the implied covenant of good faith and fair dealing (Count III), breach of contract (Count IV), violation of Florida's Deceptive Trade Practices Act (Count V), violation of Florida's Franchise Act (Count VI), tortious interference with advantageous business relationship (Count VII), tortious interference with contractual relationship (Count VIII), rescission of Sub-Franchise Agreement

(Count IX), violation of Florida civil RICO (Count X), civil conspiracy (Count XI), and declaratory judgment (Count XII). (Doc. # 2). Plaintiff attached the Sub-Franchise Agreement and a License Agreement to the complaint, among other exhibits.

Under the Sub-Franchise Agreement, Plaintiff was required to pay Defendants $175,000 for certain franchise rights. (Doc. # 2-3 at 3, ¶ 1). The Sub-Franchise Agreement called for Plaintiff to execute a Unit Franchise Agreement in the future. (Doc. # 2-3 at 5, ¶ 16). In addition, the Sub-Franchise Agreement contains a "Governing Law and Venue" clause which states: "This Agreement shall be deemed to have been made and entered into in the State of Washington. All rights and obligations of the parties hereto shall be governed by and construed in accordance with the law of the prevailing court or jurisdiction of law." (Doc. # 2-3 at 13, ¶ 23).

On June 11, 2008, Defendants filed a notice of removal, indicating that this Court has jurisdiction over the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The complaint alleges that Plaintiff is a Delaware limited liability company with its principal place of business in Tampa, Florida; Defendant Garlic Jim's is a Washington corporation with its principal place of business in Everett, Washington; and Defendants Dwayne Northrop, Louis Urbano, Robert Smith, and David Gollersrud reside in Washington State. (Doc. # 2 at ¶¶ 1-

6).  According to the notice of removal, "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The complaint seeks damages in excess of $65 million, as well as treble damages and attorney's fees." (Doc. # 1 at ¶ 17).

Defendants filed an answer to the complaint on June 30, 2008, and asserted seven affirmative defenses. (Doc. # 10). Thereafter, on June 24, 2008, (just two weeks after removing this case to this Court) Defendants filed a motion to transfer this case to the United States District Court for the Western District of Washington, Seattle Division. (Doc. # 9).

## II. **Related Litigation**

From the parties' various submissions, the Court has gleaned the following information about related litigation.  On May 21, 2008, Garlic Jim's filed a breach of contract case against L&D in the United States District Court for the Western District of Washington, Seattle Division, case number 2:08-cv-795 (the "WA Action").  On September 16, 2008, The Honorable Marsha J. Pechman, United States District Judge, dismissed the WA Action.[1]  Judge Pechman generally determined that both the WA

---

[1] This Court grants Plaintiff's Motion for Judicial Notice of Order of Dismissal in Related Action (Doc. # 21) in part. This Court takes judicial notice of the fact that the WA Action was dismissed by Judge Pechman on September 16, 2008. While the Court takes judicial notice of the dismissal of the WA Action, it does
(continued...)

Action and the present action were filed to address the alleged breach of the Sub-Franchise Agreement, and that, as such, the WA Action was an unnecessarily filed and duplicative case.

In addition, Garlic Jim's sued L&D and its principal, Larrabee, in Washington State Court under case number 08-2-26529 for breach of contract, violation of the Lanham Act, and other claims. On September 3, 2008, L&D and Larrabee removed the Washington State Court case to the District Court for the Western District of Washington, Seattle Division, case number 2:08-cv-1320 (the "Garlic Jim's Action"). The Garlic Jim's Action against L&D is currently pending before Judge Pechman.

Furthermore, Garlic Jim's initiated arbitration proceedings against L&D and Larrabee. The arbitration demand is attached to Defendants' reply memorandum (Doc. # 20) and is case number 75 114 00264 08 before the American Arbitration Association (the "WA Arbitration").

## II.  **Motion to Transfer**

On June 24, 2008, Defendants filed a motion to transfer this case to the United States District Court for the Western District of Washington, Seattle Division, pursuant to 28 U.S.C.

---

[1](...continued)
not take judicial notice of the factual findings and legal conclusions presented in the order dismissing the WA Action.

§ 1404(a) and Local Rule 1.04(b), M.D. Fla. (Doc. # 9).[2] Defendants' motion to transfer was filed prior to the dismissal of the WA Action and prior to the removal of the Garlic Jim's Action against L&D to the Western District of Washington. Accordingly, a majority of the arguments presented in the motion to transfer, particularly those based on the similarity between the present action and the WA Action, are moot.[3] However, Defendants have attached to the motion to transfer the affidavits of the individual Defendants in this case: Dwayne Northop, Louis Urbano, Robert Smith, and David Gollersrud. (Doc. # 9-2). Each affidavit explains that litigating in

---

[2] 28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Local Rule 1.04(b), M.D. Fla. states, "If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases."

[3] For instance, Defendants contend that the dismissed WA Action "is related to this matter, involves the same issues of fact and law and grows out of the same transactions and occurrences." (Doc. # 9 at 2).

Florida would cause great inconvenience. (Doc. # 9-2). The affidavits are relevant to this Court's present determination under 28 U.S.C. § 1404(a).

### A. Analysis of Section 1404(a) Factors

As noted, 28 U.S.C. § 1404(a) is the governing statute in this dispute, and it provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The United States Supreme Court has commented on Section 1404(a), noting, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

In determining the merits of Defendants' request that this case be transferred to the Seattle Division of the Western District of Washington pursuant to Section 1404(a), this Court must give strong consideration to Plaintiff's choice of forum. Specifically, the Eleventh Circuit has noted, "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giamarco &

Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)(internal citations omitted).

Several district courts have weighed in on the analysis courts should perform upon a motion to transfer pursuant to 28 U.S.C. 1404(a). In Baptist Hospital, Inc. v. CJ Critical Care Transportation System, 2007 U.S. Dist. LEXIS 88529, at *12-13 (N.D. Fla. Nov. 30, 2007), the court provided the following suggested analysis:

> A district court may transfer any case to any other district where the case originally may have been brought. To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee court; (2) a transfer serves the interest of justice; and a transfer is in the convenience of the witnesses and parties. Because federal courts ordinarily accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice.

Baptist Hosp., Inc., 2007 U.S. Dist. LEXIS 88529 at *12-13. (Internal citations omitted). Similarly, in Sterling v. Provident Life and Accident Insurance Co., 519 F. Supp. 2d 1195, 2006 U.S. Dist. LEXIS 96369, at *15-16 (M.D. Fla. June 19, 2007), the court determined, "In order to overcome the presumption in favor of plaintiff's choice of forum, the movant must show the balance of the conveniences is strongly in favor of the transfer." Id. The court further explained, "When considering a motion to transfer venue, the Middle District of

Florida has stated that the following seven (7) factors must be considered: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." Id. Furthermore, the court noted, "In determining the propriety of transfer, the Court must give considerable weight to the plaintiff's choice of forum. Therefore, only if the [d]efendants show the balance of convenience is strongly in favor of transfer, using the seven (7) factors listed above, will the [p]laintiff's choice of venue be disturbed." Id. at *15-16 (internal citations omitted). See also Tritak v. Metropolitan Casualty Insurance Co., 3:08-cv-14-J-33JRK, 2008 U.S. Dist. LEXIS 8050 at *10 (M.D. Fla. Feb. 4, 2008).

This Court will consider Defendants' arguments concerning transfer under 28 U.S.C. 1404(a).[4] Defendants contend that "the Middle District of Florida is an inconvenient forum for Defendants and their many anticipated witnesses" and that the

---

[4] This Court will not consider Defendants' arguments as presented under Local Rule 1.04(b), M.D. Fla., as this Rule relates to transfer of related cases between judges within Middle District of Florida, and does not relate to actions pending in different districts.

"interests of justice" militate in favor of transfer to Washington. (Doc. # 20 at 5). Defendants also assert, "Defendants' franchise files and business records are all maintained at Garlic Jim's headquarters in Everett, Washington, and Defendants expect to use the documents as well as other sources of proof located in Washington during a trial of the FL Action [the present case]." (Doc. # 9 at 6).

In addition, Defendants' reply memorandum discusses the pending WA Arbitration and the Garlic Jim's Action, both of which are proceeding in King County, Washington. Defendants explain that they are suing the Plaintiff in Washington for breach of a Unit Franchise Agreement, for violation of the Lanham Act, unfair competition, and for other alleged infractions. Defendants contend that they should not be required to litigate in both Washington and Florida over the same dispute.

Plaintiff, on the other hand, asserts that it will be equally inconvenient for Plaintiff and Plaintiff's witnesses to travel to Washington as it will be for Defendants and Defendants' witnesses to travel to Florida. In addition, Plaintiff asserts that, pursuant to the "first filed" rule, transfer of this case to Washington is inappropriate because the present action was filed prior to the initiation of the WA Action.

In the present case, Defendants' motion fails to address the majority of the Section 1404(a) factors mentioned above. Defendants and Plaintiff focused on the import of the WA Action and asserted arguments concerning the "first filed rule" and the inconvenience of litigating similar cases in both Florida and Washington.  The "first filed" rule states: "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

While the first-filed rule is not binding, this Court gives it weighty consideration since this matter was initiated prior to the Garlic Jim's Action pending in Washington.  Further, Defendants have failed to identify a consideration which clearly outweighs Plaintiff's choice of the Middle District of Florida as the forum for this case.

Defendants, as movants, bear the burden of persuading this Court that the balance of the conveniences strongly favors transfer to another district.  Defendants' motion falls short of this burden.  Thus, Defendants' motion to transfer based on Section 1404(a) is denied.

III. **Defendants' Reply Memorandum**

As noted, Defendants' motion to transfer was predicated upon Section 1404(a).  After Plaintiff filed a response in opposition to the Section 1404(a) motion, Defendants filed their "reply" memorandum (Doc. # 20) asserting different grounds for the requested transfer of this case to Washington. Specifically, Defendants attached to their reply memorandum the Unit Franchise Agreement between Plaintiff and Defendants.  The Unit Franchise Agreement contains an arbitration clause and a forum selection clause.  Section 32.4 of the Unit Franchise Agreement states in pertinent part: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in King County, State of Washington in accordance with the rules of the American Arbitration Association then pertaining, using AAA Arbitrators, and judgment upon the award rendered may be entered in any court having jurisdiction thereof." (Doc. # 20-2 at 21, ¶ 32.4).

Furthermore, paragraph 32.11 of the Unit Franchise Agreement states, "This agreement shall be deemed to have been made and entered into in the State of Washington and all rights and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of

Washington.  Venue shall lie in the Superior Court of King County, State of Washington." (Doc. # 20-2 at 22, ¶ 32.11).

In the present action, Plaintiff sues Defendants under the Sub-Franchise Agreement (not the Unit Franchise Agreement), and unlike the Unit Franchise Agreement, the Sub-Franchise Agreement does not appear to contain an arbitration agreement or a specific forum selection clause.[5]

In the present case, Defendants asserted in their reply that the Unit Franchise Agreement contains a mandatory forum selection clause and an arbitration agreement.  A reply is a submission to the Court to which the opposing party is generally not permitted to respond.  It would run contrary to the interests of fairness to transfer this case based on arguments first asserted in a reply memorandum.  This Court is mindful that Defendants' motion to transfer is predicated upon 28 U.S.C.

---

[5] The Sub-Franchise Agreement upon which the complaint is predicated contains a clause titled "Governing Law and Venue;" however, the clause is not a forum selection clause. It states: "This Agreement shall be deemed to have been made and entered into in the State of Washington.  All rights and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the prevailing court of jurisdiction of law." (Doc. # 2-3 at 14, ¶ 23).  In addition, the License Agreement attached to the complaint in this case contains the following paragraph: "This agreement shall be governed by and construed in accordance with the laws, other than the choice of law rules, of the prevailing court or jurisdiction of law.  Before opting for a court-based solution, the parties agree to submit differences as they arise to non-binding arbitration." (Doc. # 2-3 at 20, ¶ 7).

§ 1404(a), not an arbitration agreement or a forum selection clause.

Absent a motion to compel arbitration or a motion to stay this case pending arbitration, this Court will take no action concerning the arbitration clause in the Unit Franchise Agreement. Furthermore, this Court will consider a motion to dismiss or transfer based on a binding forum selection clause only if such motion is filed and after giving Plaintiff an appropriate opportunity to respond to the motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Transfer (Doc. # 9) is **DENIED**.

(2) Plaintiff's Motion for Judicial Notice of Order of Dismissal in Related Action (Doc. # 21) is **GRANTED IN PART** consistent with the terms of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of October, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record